UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                     :

                                     :

                                     :           <u>MEMORANDUM & ORDER</u>

                                     :

                                     :     22-CV-6769 (ENV) (LB); 22-CV-7470 (ENV)

                                     :      (LB); 22-CV-7745 (ENV) (LB); 23-CV-62

IN RE MOHAMMED KEITA'S MOTIONS TO   :    (ENV) (LB); 23-CV-124 (ENV) (LB); 23-CV-
PROCEED *IN FORMA PAUPERIS*            :     949 (ENV) (LB); 23-CV-1811 (ENV) (LB);

                                     :     23-CV-2441 (ENV) (LB); 23-CV-2683 (ENV)

                                     :     (LB); 23-CV-3201 (ENV) (LB); 23-CV-6419

                                     :     (ENV) (LB); 23-CV-6691 (ENV) (LB); 23-

                                     :     CV-3134 (ENV) (LB); 23-CV-3343 (ENV)

                                     :     (LB); 23-CV-9510 (ENV) (LB)

                                     :

------------------------------------------------------------ x

VITALIANO, D.J.

      In these actions, plaintiff Mohammad Keita, a serial litigant, has moved to proceed *in forma*

*pauperis* ("IFP") under 28 U.S.C. § 1915(a)[1] or, with respect to a discrete batch of these actions,

construing his filings generously, for reconsideration of the denial of IFP status.[2]  As authorized

---

[1] *Keita et al. v. The Bank of New York Mellon et al.*, No. 23-CV-1811 (ENV) (LB) (E.D.N.Y. filed Mar. 8, 2023), IFP Mot., Dkt. 2; *Keita et al. v. Nerdrez et al.*, 23-CV-2441 (ENV) (LB) (E.D.N.Y. filed Mar. 28, 2023), IFP Mot., Dkt. 2; *Keita et al., v. Ford*, No. 23-CV-2683 (ENV) (LB) (E.D.N.Y. filed Apr. 10, 2023), IFP Mot., Dkt. 2; *Keita v. Nike Corporate Office*, No. 23-CV-3201 (ENV) (LB) (E.D.N.Y. filed Apr. 28, 2023), IFP Mot., Dkt. 2; *Keita v. Chase Bank et al.*, No. 23-CV-6419 (ENV) (LB) (E.D.N.Y. filed Aug. 22, 2023), IFP Mot., Dkt. 2; *Keita et al. v. American Security Insurance Company et al.*, No. 23-CV-6691 (ENV) (LB) (E.D.N.Y. filed Sept. 6, 2023), IFP Mot., Dkt. 2; *Keita v. College of Staten Island (CUNY)*, No. 23-CV-3134 (ENV) (LB) (E.D.N.Y. filed Apr. 25, 2023), IFP Mot., Dkt. 7; *Keita v. The Amazon Corporation Headquarters et al.*, No. 23-CV-3343 (ENV) (LB), IFP Mot., Dkt. 2; *Keita v. Liberty Mutual Insurance et al.*, No. 23-CV-9510 (ENV) (LB), IFP Mot., Dkt. 2.

[2] *See Keita v. American National Claims Department et al.*, No. 22-CV-6769 (ENV) (LB) (E.D.N.Y. filed Nov. 2, 2022), Dkts. 8–10; *Keita v. NYPD Officers and All Law Enforment* [sic] *Officers Involved*, No. 22-CV-7470 (ENV) (LB) (E.D.N.Y. filed Dec. 5, 2022), Dkts. 8–10; *Keita v. American Security Insurance Company et al.*, No. 22-CV-7745 (ENV) (LB) (E.D.N.Y. filed Dec. 16, 2022), Dkts. 7–16; *Keita v. Liberty Mutual Insurance Co. et al.*, 23-CV-62 (ENV) (LB) (E.D.N.Y. filed Jan. 3, 2023), Dkt. 11; *Keita v. FCA US LLC et al.*, 23-CV-124 (ENV) (LB)

and as limited by § 1915, a "court may grant [IFP] status to a litigant and waive the filing fee upon a finding that the litigant is indigent." *Sommer v. Cnty. of Suffolk*, No. 16-CV-3631 (KAM) (LB), 2016 WL 7191680, at *1 (E.D.N.Y. Dec. 12, 2016). The question of whether a plaintiff qualifies for IFP status is one that lies "within the discretion of the district court." *Id.* If the court determines that the plaintiff's "allegation of poverty is untrue," it must dismiss the case. *Bell v. Iozzo*, No. 22-CV-10888 (LTS), 2023 WL 6811771, at *3 (S.D.N.Y. Oct. 16, 2023) (quoting *Vann v. Comm'r of N.Y. City Dep't of Correction*, 496 F. App'x 113, 114 (2d Cir. 2012)).

Keita has filed carbon-copy motions for IFP status in each of these cases.[3] In every IFP application, Keita claims that he receives $1200 per month from Social Security and has $100 in the bank. *E.g.*, *Keita v. American National Claims Department, et al.*, No. 22-CV-6769 (ENV) (LB) (E.D.N.Y. filed Nov. 2, 2022), IFP Mot., Dkt. 2, at 1–2; *Keita v. Liberty Mutual Insurance, et al.*, No. 23-CV-9510 (ENV) (LB) (E.D.N.Y. filed Dec. 26, 2023), IFP Mot., Dkt. 2, at 1–2.[4] Significantly, at the same time, Keita has admitted he owns at least two homes on Staten Island together worth over $1 million.[5] *E.g.*, *Keita v. American National Claims Department, et al.*, No.

---

(E.D.N.Y. filed Jan. 3, 2023), Dkts. 5–6; *Keita v. State Farm Insurance et al.*, 23-CV-949 (ENV) (LB) (E.D.N.Y. filed Jan. 24, 2023), Dkts. 13–24;

[3] The Court considers the materials docketed in these cases collectively because docketed materials "are public records of which the court [can] take judicial notice." *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

[4] All page citations refer to the Electronic Case Filing System ("ECF") pagination.

[5] In two IFP applications filed in 2022, Keita indicated that he owned a third Staten Island home worth an additional $400,000. *Keita v. American National Claims Department, et al.*, No. 22-CV-6769 (ENV) (LB) (E.D.N.Y. filed Nov. 2, 2022), IFP Mot., Dkt. 2, at 2; *Keita v. NYPD Officers and All Law Enforment* [sic] *Officers Involved*, No. 22-CV-7470 (ENV) (LB) (E.D.N.Y. filed Dec. 5, 2022), IFP Mot., Dkt. 2, at 2. However, Keita did not list the home on an IFP application filed just days later, nor has he included that property on any subsequent IFP application. *See Keita v. American Security Insurance Company et al.* No. 22-CV-7745 (ENV) (LB) (E.D.N.Y. filed Dec. 16, 2022), IFP Mot., Dkt. 1, at 1. Nor has Keita explained what happened to this third home in

22-CV-6769 (ENV) (LB) (E.D.N.Y. filed Nov. 2, 2022), IFP Mot., Dkt. 2, at 1–2; *Keita v. Liberty Mutual Insurance, et al.*, No. 23-CV-9510 (ENV) (LB) (E.D.N.Y. filed Dec. 26, 2023), IFP Mot., Dkt. 2, at 1–2. Bluntly, although there is more, Keita's property ownership is, in and of itself, a sufficient basis to conclude that his allegations of poverty are untrue and that he has the means to pay filing fees. *See Scott v. Wellington*, No. 02-CV-1586, 2012 WL 13170049, at *1 (M.D. Pa. Nov. 5, 2012) (denying IFP status where the plaintiff owned a home worth $216,000 encumbered by a $150,000 mortgage).

Keita's unsolicited, scattershot submissions in these cases bolster the conclusion that he has the means to pay filing fees and indicate that he has habitually mischaracterized his financial condition. Among the most compelling evidence of Keita's mischaracterization of his financial circumstances is his filing of a Notice CP13[6] from the Internal Revenue Service, mailed to Keita in December 2023 but pertaining to tax year 2022, revealing that his income in 2022 was $102,032. *Keita v. State Farm Insurance, et al.*, No. 23-CV-949 (ENV) (LB) (E.D.N.Y. filed Jan. 1, 2023), IRS CP13 Notice, Dkt. 24-3, at 1. Keita leaves unexplained why his 2022 IFP applications excluded over $87,000 of yearly income that is included on the Notice CP13, where that income came from, or how, if at all, that income stream dissipated. Keita's material omissions in his filings with the Court in 2022 render his assertions of poverty in 2023 utterly incredible and unbelievable. But his dissemblance does not stop there. Though he claims to have had only $100 in the bank, Keita's filings make clear that he sat atop greater pools of funds. Keita himself submitted receipts from hardware stores in May and July 2022 which show that he had the wherewithal to buy over

---

any subsequent filings.

[6] The IRS sends taxpayers a Notice CP13 after it discovers an error on their Form 1040 and adjusts their return accordingly, resulting in a zero balance. *See Understanding your CP13 Notice*, IRS, https://www.irs.gov/individuals/understanding-your-cp13-notice (last visited Mar. 22, 2024).

$13,000 of home-improvement products with a debit card. *Keita v. American Security Insurance Company, et al.*, No. 22-CV-7745 (ENV) (LB) (E.D.N.Y. filed Dec. 16, 2022), Receipts, Dkt. 9. Keita does not explain where those funds came from. Nor did he disclose that he had access to those funds when he filed an IFP application a few months earlier in another case—claiming, instead, that Social Security payments were his sole source of income and he had just $100 in the bank. *Keita v. Grace V. Mattei, Esq. et al.*, No. 22-CV-946 (ENV) (LB) (E.D.N.Y. dismissed Mar. 30, 2023), IFP Mot., Dkt. 2, at 1–3.

Since some of these receipts identify the Seaview Group, LLC, and not Keita, as the purchaser, they might invite the simple rejoinder that they are not indicative of the financial resources available to Keita. *See Keita v. American Security Insurance Company, et al.*, No. 22-CV-7745 (ENV) (LB) (E.D.N.Y. filed Dec. 16, 2022), Receipts at 12–13, 16, 19–20. In context of the collective record, however, they do just the opposite: the receipts unmistakably point to a possible source of Keita's income and unmask efforts to keep his assets hidden from the Court. It appears that Keita may have a substantial, and, likely, a controlling, ownership stake in Seaview Group, LLC. In addition to using the Seaview Group to purchase home-improvement materials, evidence that Seaview Group likely served as an adjunct slush fund for Keita's varied expenses include the fact that he named himself as the company's contact on one receipt, *id.* at 16, listed his home address as the drop-off location for one of its orders, *id.*, drove a van belonging to Seaview Group, *Keita v. NYPD Officers and All Law Enforment* [sic] *Officers Involved*, No. 22-CV-7470 (ENV) (LB) (E.D.N.Y. filed Dec. 5, 2022), Compl., Dkt. 1, at 5, and brought suit on its behalf, *Keita, et al., v. Ford*, No. 23-CV-2683 (ENV) (LB) (E.D.N.Y. filed Apr. 10, 2023), Compl., Dkt. 1, at 1. Further, in total harmony with the view that Seaview Group, LLC is a hidden financial wellspring for Keita, are statements by Keita in the cases he filed between November 2022 and

January 2023 indicating that he received income from a "[b]usiness, profession, or other self-employment," though he did not say how much or name the source.[7]

At any rate, taking Keita's filings in totality and viewing them in the light most favorable to him, his claim of indigency is utterly incredible. Put another way, Keita's own record evidence indicates that he possessed the ability to pay the filing fees in these cases many times over without facing the Hobson's choice of either "abandoning a potentially meritorious claim or foregoing the necessities of life." *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983). Therefore, with respect to those cases in which Keita seeks reconsideration of the Court's denial of IFP status, the motion for reconsideration in each case is denied, and with respect to cases in which Keita makes an application for IFP status, in each case, the motion to proceed IFP is denied.

Given the deceptive conduct unearthed in the collective representations Keita has made to the Court about his purported inability to pay filing fees, dismissal with prejudice outright is likely appropriate. *See Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 468 (S.D.N.Y. 2004) ("Dismissal with prejudice is appropriate when an applicant misrepresents her financial arrangements in bad faith to obtain IFP status."). However, the Court declines to dismiss these actions with prejudice at this time because Keita has not had the opportunity to "credibly explain or correct his declarations." *Vann*, 496 F. App'x at 116; *see also Bell*, 2023 WL 6811771, at *3 (dismissing case with prejudice where a prior dismissal put plaintiff on notice that his "IFP

---

[7] *Keita v. American National Claims Department et al.*, No. 22-CV-6769 (ENV) (LB) (E.D.N.Y. filed Nov. 2, 2022), IFP Mot., Dkt. 2, at 1; *Keita v. NYPD Officers and All Law Enforment* [sic] *Officers Involved*, No. 22-CV-7470 (ENV) (LB) (E.D.N.Y. filed Dec. 5, 2022), IFP Mot. at 1; *Keita v. American Security Insurance Company et al.*, No. 22-CV-7745 (ENV) (LB) (E.D.N.Y. filed Dec. 16, 2022), IFP Mot. at 1; *Keita v. Liberty Mutual Insurance Co. et al.*, 23-CV-62 (ENV) (LB) (E.D.N.Y. filed Jan. 3, 2023), IFP Mot., Dkt. 1, at 1; *Keita v. FCA US LLC et al.*, 23-CV-124 (ENV) (LB) (E.D.N.Y. filed Jan. 3, 2023), IFP Mot., Dkt. 2, at 1; *Keita v. State Farm Insurance et al.*, 23-CV-949 (ENV) (LB) (E.D.N.Y. filed Jan. 24, 2023), IFP Mot., Dkt. 1, at 1.

Application required him to disclose whether he had a legal interest in any real property" and he again omitted his property interests when applying for IFP status).  Accordingly, the cases where Keita moved for reconsideration are dismissed without prejudice.  The cases where has not moved for reconsideration are to be dismissed without prejudice, though the Court will stay the Order for 14 days from its entry on the appropriate dockets to give him time to pay the necessary filing fees.

All of this comes with the following stern and unequivocal warning: should Keita move for reconsideration in these cases or apply for IFP status in any future case, he must explain (1) the nature and source of the additional income listed on the Notice CP13, if he continues to receive that income, and if not, why it has dissipated; (2) how he could afford the home improvement supplies he purchased in 2022; and (3) any connection to and interest in Seaview Group, LLC, including his ability to use its assets and resources as an owner, whether anyone else has an ownership stake, and his relationship to any other owners.  Failure to acknowledge these discrepancies, credibly explain them, or provide information that is requested will result in dismissal with prejudice.

Conclusion

For the foregoing reasons, Keita's motions are denied.  The following cases are dismissed without prejudice due to Keita's failure to comply with prior orders directing him to pay filing fees, and the Clerk of Court is directed to enter judgment, close them, and reject any further submissions, except for papers directed to the United States Court of Appeals for the Second Circuit:

- *Keita v. American National Claims Department et al.*, No. 22-CV-6769 (ENV) (LB) (E.D.N.Y. filed Nov. 2, 2022);

- *Keita v. NYPD Officers and All Law Enforment* [sic] *Officers Involved*, No. 22-CV-

6

7470 (ENV) (LB) (E.D.N.Y. filed Dec. 5, 2022);

- *Keita v. American Security Insurance Company et al.*, No. 22-CV-7745 (ENV) (LB) (E.D.N.Y. filed Dec. 16, 2022);

- *Keita v. Liberty Mutual Insurance Co. et al.*, 23-CV-62 (ENV) (LB) (E.D.N.Y. filed Jan. 3, 2023);

- *Keita v. FCA US LLC et al.*, 23-CV-124 (ENV) (LB) (E.D.N.Y. filed Jan. 3, 2023); and

- *Keita v. State Farm Insurance et al.*, 23-CV-949 (ENV) (LB) (E.D.N.Y. filed Jan. 24, 2023).

The following cases are to be dismissed without prejudice; however, the Order is stayed for 14 days from its entry on the appropriate dockets to give Keita the opportunity to pay the requisite filing fees:

- *Keita et al. v. The Bank of New York Mellon et al.*, No. 23-CV-1811 (ENV) (LB) (E.D.N.Y. filed Mar, 8, 2023);

- *Keita et al. v. Nerdrez et al.*, 23-CV-2441 (ENV) (LB) (E.D.N.Y. filed Mar. 28, 2023);

- *Keita et al., v. Ford*, No. 23-CV-2683 (ENV) (LB) (E.D.N.Y. filed Apr. 10, 2023);

- *Keita v. Nike Corporate Office*, No. 23-CV-3201 (ENV) (LB) (E.D.N.Y. filed Apr. 28, 2023);

- *Keita v. Chase Bank et al.*, No. 23-CV-6419 (ENV) (LB) (E.D.N.Y. filed Aug. 22, 2023);

- *Keita et al. v. American Security Insurance Company et al.*, No. 23-CV-6691 (ENV) (LB) (E.D.N.Y. filed Sept. 6, 2023);

- *Keita v. College of Staten Island (CUNY)*, No. 23-CV-3134 (ENV) (LB) (E.D.N.Y. filed Apr. 25, 2023);

- *Keita v. The Amazon Corporation Headquarters et al.*, No. 23-CV-3343 (ENV) (LB); and

- *Keita v. Liberty Mutual Insurance et al.*, No. 23-CV-9510 (ENV) (LB).

Finally, Keita is again warned that the Court will dismiss with prejudice any case where he seeks reconsideration of the denial of IFP status or applies for IFP status in the first instance and repeats the kind of misrepresentations identified in this Order.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to serve a copy of this Order on plaintiff and to note service on the appropriate dockets.

So Ordered.

Dated:   Brooklyn, New York
March 19, 2024

/s/ *Eric N. Vitaliano*
ERIC N. VITALIANO
United States District Judge